## IN THE IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

**EDGAR SOMNITZ,**

      **Plaintiff,**

**v.**                                  **Case No.: 5:13-CV-00344**

**SATELLITES UNLIMITED, INC.,**

      **Defendant.**

_____/

## COMPLAINT - FLSA OPT IN

EDGAR SOMNITZ sues SATELLITES UNLIMITED, INC. and states:

1.      This is an action to recover unpaid wage, overtime wages, liquidated damages, interest, attorneys' fees and costs under the Fair Labor Standards Act of 1938 (FLSA), as amended 20 U.S.C. §§ 201, *et. seq.* This Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.      Satellites Unlimited is an Alabama corporation authorized to conduct business in the State of Florida.

3.      Plaintiff was employed by Satellites Unlimited.

4.      As an employee of Satellites Unlimited, Plaintiff was engaged in commerce or in the servicing or selling of goods for commerce or was employed by Satellites Unlimited in an enterprise engaged in commerce or in the servicing and

selling goods for commerce. Plaintiff's work for Satellites Unlimited affected interstate commerce for the relevant time period.

5.     On information and belief, Satellites Unlimited grossed over $500,000 annually for the relevant time period.

6.     Satellites Unlimited is an employer under the FLSA.

7.     Satellites Unlimited is engaged in the business of installing, servicing, and repairing equipment for satellite television reception in the Southeastern United States.

8.     Satellites Unlimited willfully and intentionally failed to pay Plaintiff complete wages earned and overtime wages in violation of the FLSA.

9.     At all times material, Plaintiff was employed by Satellites Unlimited to install, service, and repair satellite television reception equipment in the Northwest Florida, Southeast Alabama, and Southwest Georgia areas.

10.    As part of his employment, Plaintiff was paid specified amounts for each job he performed based on the type of work performed for each job.

11.    Satellites Unlimited refused to pay Plaintiff for work he performed in excess of 47 hours per week.

12.    Plaintiff was not paid for any work he was required to perform at sites where he had installed equipment within the previous 30 days ("prevent jobs") regardless of whether the work he performed was related to problems with his work

2

during installation; nor did they consider the hours he spent on those jobs when calculating overtime hours Plaintiff worked.

13.     Plaintiff was not paid for the time it took him to travel from his last regularly assigned job of the day to any "prevent job" he had to perform; nor did they consider the hours he spent traveling to those jobs when calculating overtime hours Plaintiff worked.

14.     Satellites Unlimited did not pay Plaintiff when he was required to attend weekly meetings at Satellites Unlimited's office; nor did they consider the hours he spent at the meetings when calculating overtime hours Plaintiff worked.

15.     Plaintiff is entitled to receive overtime pay for hours he worked in excess of forty (40) hours in a work week at a rate not less than time and one-half times his regular rate of pay.

16.     Satellites Unlimited is liable to Plaintiff in the amount of his unpaid wages and overtime compensation and an additional equal amount as liquidated damages.

17.     Plaintiff is entitled to prejudgment interest if he is not awarded liquidated damages.

18.     This action arises under the laws of the United States. It is believed that several other employees of Satellites Unlimited, Inc. are similarly situated to Mr. Somnitz. These similarly situated employees have not received adequate wages or overtime wages for work performed for Satellites Unlimited during the 3 year period

prior to the filing of this complaint. This case is brought as a collective action under 29 U.S.C. § 216(b).

19.     Plaintiff has had to retain the services of the undersigned attorneys to pursue this action, including applicable appeals.

WHEREFORE, Plaintiff demands judgment for damages against Satellites Unlimited together with interest, attorneys' fees and costs, and such other relief as this Court deems appropriate.

Plaintiff demands trial by jury of all issues triable as of right by a jury.

Respectfully submitted,

/s/ Larry A. Matthews
**Larry A. Matthews**
Florida Bar No.:  0339601
**Raymond F. Higgins, III**
Florida Bar No.:  0153117
MATTHEWS & HIGGINS, LLC
114 East Gregory Street (32502)
Post Office Box 13145
Pensacola, FL  32591-3145
(850) 434-2200 Telephone
(850) 434-2600 Facsimile
E-Mail:    LMatthews@matthewshigginslaw.com
           RHiggins@matthewshigginslaw.com
Attorneys for Plaintiff

4